# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZORAN ZUZA,   )<br>)<br>)<br>)<br>**Plaintiff**, *in Pro Se*,   )<br>)<br>v.   )<br>)<br>**OFFICE OF THE HIGH**   )<br>**REPRESENTATIVE** *et al.*   )<br>)<br>**Defendants.**   )<br>_____) | Civil No. 1:14-cv-01099 (RC) |

*PRO SE* **PLAINTIFF'S NOTICE OF NON-RESPONSE BY THE GOVERNMENT OF THE UNITED STATES OF AMERICA TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE COURT AND DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** of the following update:

(1)   On December 5, 2014, Plaintiff served upon the Honorable Barack Obama, President of the United States ("US"):  (A) a copy of his memorandum in opposition to Defendants' motion to dismiss ("Plaintiff's Opposition") [ECF # 6], in which Plaintiff argued that Executive Order 13568 ("EO") was erroneous and the result of an abuse of discretion[1]; and (B) a cover letter accompanying Plaintiff's Opposition ("Cover Letter"), stating that, via Plaintiff's Opposition, Plaintiff was "challeng[ing] the

---

[1] *See* Plaintiff's Opposition, pp. 33-36.

factual basis of [the EO]."[2]  *See* Plaintiff's Opposition, n. 48 & Plaintiff's declaration in support of Plaintiff's Opposition [ECF # 6-1], ¶ 16.a.

(2) In the intervening one-half year, President Obama has not responded, through any organ of the US government, to Plaintiff's assertion and argument in the Cover Letter and Plaintiff's Opposition, respectively, that the EO is erroneous and, consequently, an abuse of discretion.

**I.**

**THE US GOVERNMENT'S SIX-MONTH SILENCE CONSTITUTES AN ADOPTION, AFFIRMATION, RATIFICATION AND CONCESSION OF PLAINTIFF'S STATEMENT AND ARGUMENT IN THE COVER LETTER AND PLAINTIFF'S OPPOSITION, RESPECTIVELY, THAT THE EO IS ERRONEOUS AND THE RESULT OF AN ABUSE OF DISCRETION**

Unopposed arguments are universally deemed conceded.[3]

A party's failure to deny an adverse "statement" or "assertion" constitutes an admission thereof if "it would have been natural" for said party to deny and/or correct said "statement"/"assertion".  *See US v. Hale*, 422 U.S. 171, 176 (1975); *Kelly v. US*, 236 F.2d 746, 749 (D.C. Cir. 1956); *US v. Hove* 52 F.3d 233, 236-237 (9th Cir. 1995); *see*

---

[2] A true and correct copy of the Cover Letter is attached hereto as Exhibit 1.

[3] *Ali v. D.C. Court Services*, 538 F.Supp.2d 157, 161 (D.D.C. 2008), citing *Hopkins v. Women's Div., General Bd. of Global Ministries,* 238 F.Supp.2d 174, 178 (D.D.C. 2002) and *FDIC v. Bender,* 127 F.3d 58, 67-68 (D.C. Cir. 1997); *Buggs v. Powell*, 293 F. Supp.2d 135, 141 (D.D.C. 2003); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009); *Cossey v. David*, 04-CV-1501, 2007 WL 3171819, at *4 & nn. 21, 22 (N.D.N.Y. Oct. 29, 2007); *Niles v. Nelson*, 72 F. Supp.2d 13, 22 (N.D.N.Y. 1999); *Herzberg v. County of Plumas*, 3 Cal.App.4th 1, 20, 34 Cal.Rptr.3d 588, 602 (2005); *Sexton v. Superior Court*, 58 Cal.App.4th 1403, 1410 (1997); *Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis.2d 97, 109 (1979); Weil & Brown Practice Guide, Civil Procedure Before Trial (The Rutter Group, 2009) 9:105.10, p. 9(1)-73; *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009); *see also* D.D.C. LCvR 7(b).

*also* Fed. R. Evid. 801(d)(2)(B); *United States v. Beckham*, 968 F.2d 47, 52 (D.C. Cir. 1992). Such an "adoptive admission" constitutes an exception to the hearsay rule. *Ibid*.

The preceding authorities make pellucid that the US government's deafening silence over the past six months in the face of the Cover Letter and Plaintiff's Opposition[4] has an undeniable legal effect – that of an adoptive admission confirming Plaintiff's statement in the Cover Letter and his argument in Plaintiff's Opposition that the EO is erroneous and the result of an abuse of discretion.

The US government's adoptive admission joins that of Defendants. They too have judicially admitted through silence that the EO is erroneous and an abuse of discretion. *See* Plaintiff's Opposition, Statement of Fact, Material Fact(s) 2.

**II.**

**ANY ELEVENTH-HOUR EFFORT BY THE US GOVERNMENT TO FILL THE LACUNA HIGHLIGHTED BY THIS NOTICE OF NON-RESPONSE WOULD CONSTITUTE A TRANSPARENT ATTEMPT AT DAMAGE CONTROL RATHER THAN A GOOD FAITH DEFENSE OF THE EO**

The length of the US government's hitherto silence AND the propinquity between: (1) any rushed tactical response to Plaintiff's Opposition; and (2) this Notice of Non-Response would confirm this. Should it materialize, such an improvised governmental response should be rejected or discounted.

Respectfully submitted,

By: /s/ Zoran Zuza
Zoran Zuza
Zeljeznicka bb
71420 Pale
Bosnia & Herzegovina
zzuzzazoran@yahoo.com
*Pro Se* Plaintiff

Dated: June 1, 2015

---

[4] Both served upon President Obama on December 5, 2014. *See* pp. 1-2, *ante*.

4

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2015, the foregoing *Pro Se* Plaintiff's Notice of Non-Response by the Government of the United States of America was filed with the Clerk of the Court via the CM/ECF system, causing said documents to be served on all counsel of record for Defendants.

/s/ Zoran Zuza
Zoran Zuza