UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ZORAN ZUZA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-01099 (RC) |
| | : | | |
| v. | : | | |
| | : | | |
| OFFICE OF THE HIGH REPRESENTATIVE, | : | | |
| *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**REQUEST FOR STATEMENT OF INTEREST**

Plaintiff Zoran Zuza brought this action against the Office of the High Representative in Bosnia and Herzegovina, Paddy Ashdown, and Valentin Inzko. *See* Compl., ECF No. 1. Ashdown and Inzko are, respectively, the former and current High Representative. *See id.* ¶¶ 19, 46. On June 4, 2015, the Court dismissed Zuza's claims as to all defendants, on the basis that the defendants' immunity under the International Organizations Immunities Act ("IOIA") deprived this Court of subject-matter jurisdiction. *See* Order, ECF No. 17; *Zuza v. Office of the High Representative*, No. 14-cv-01099, 2015 WL 3503939 (D.D.C. June 4, 2015) (ECF No. 18). On July 2, 2015, Zuza timely filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e); Rule 59(e) Mot., ECF No. 19.

In his Rule 59(e) motion, for the first time in this case, Zuza argued that Inzko and Ashdown fail to satisfy the requirements for international official immunity set forth in section 8(a) of the IOIA. *See* Rule 59(e) Mot. 38–39. That provision provides that:

> No person shall be entitled to the benefits of this subchapter, unless he (1) shall have been duly notified to and accepted by the Secretary of State as a representative, officer, or employee; or (2) shall have been designated by the Secretary of State, prior to

> formal notification and acceptance, as a prospective representative, officer, or employee; or (3) is a member of the family or suite, or servant, of one of the foregoing accepted or designated representatives, officers, or employees.

22 U.S.C. § 288e(a). Zuza contended that because Inzko and Ashdown failed to show that they satisfied section 8(a)'s requirements, and because the Court assumed *arguendo* that the defendants bear the burden of establishing their immunity, *see Zuza*, 2015 WL 3503939, at *4 n.3, the Court erred in holding that the individual defendants Inzko and Ashdown carried their burden. *See* Rule 59(e) Mot. 38–39; *Zuza*, 2015 WL 3503939, at *7–8. Zuza additionally argued that the "functional" test for official immunity endorsed in *Tuck v. Pan American Health Organization* and relied upon in this Court's opinion does not displace section 8(a)'s prerequisites, but merely defines the scope of immunity available to an individual who complies with section 8(a). 668 F.2d 547, 550 n.7 (D.C. Cir. 1981); *see also* Rule 59(e) Mot. 42.

Because Inzko and Ashdown, in their opposition to the Rule 59(e) motion, did not address Zuza's argument pertaining to section 8(a) of the IOIA, *see generally* Defs.' Opp'n, ECF No. 21, the Court ordered supplemental briefing, while noting that it retains discretion to decline to consider the issue because it "could have been advanced earlier" in Zuza's briefing on the motion to dismiss, Order Directing the Parties to Submit Supplemental Briefing 2, ECF No. 23 (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). The parties subsequently filed responses to the Court's order. *See* Defs.' Suppl. Opp'n to Pl.'s Mot. Recons., ECF No. 26; Defs.' Filing in Resp. to Court Order, ECF No. 27; Pl.'s Suppl. Br. Supp. Mot. Recons., ECF No. 29.

The Court hereby requests the United States, through the U.S. Department of State, to file a Statement of Interest in the above-captioned matter. In light of the issues raised by Zuza's motion for reconsideration and the parties' supplemental filings, the Court seeks input from the

United States under 28 U.S.C. § 517 regarding whether Defendants Inzko and Ashdown satisfy the requirements set forth at section 8(a) of the IOIA, 22 U.S.C. § 288e(a), in order to obtain international official immunity under the IOIA, or, more generally, the interpretation of that statutory provision, specifically the language "duly notified to and accepted by the Secretary of State as a representative, officer, or employee," *id.* § 288e(a)(1).

Dated: September 11, 2015                                                              RUDOLPH CONTRERAS
                                                                                       United States District Judge