## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ZORAN ZUZA,                                    )
                                               )
                                               )
        Plaintiff, in *Pro Se*,                )
                                               )
                v.                             )          Civil No. 1:14-cv-01099 (RC)
                                               )
OFFICE OF THE HIGH                             )
REPRESENTATIVE *et al*.,                       )
                                               )
        Defendants.                            )
_____)

### PLAINTIFF'S OBJECTION TO THE NOTICE BY UNITED STATES

Plaintiff, proceeding in *pro se*, Zoran Zuza ("Plaintiff") hereby objects to the Notice by United States (ECF No. 38) ("Notice").

Plaintiff feels extremely put-upon.  First came Defendants Valentin Inzko and Jerome Ashdown (collectively, "Individual Defendants") with their stratagem to arrest the progress of this action via an open-ended extension to respond to three of Plaintiff's pending motions.  *See* ECF No. 37.  Now comes the United States, which, according to Individual Defendants, is closely allied to them.[1]  Via the Notice, the United States informs the Court that it requires in excess of two months "to decide [whether or not] to

---

[1] *See* ECF No. 26, at 2-3, 6.  That the United States is coordinating its actions herein with Individual Defendants is confirmed by the fact that the Notice materialized within a mere two hours of Plaintiff's request to the Court to revive four dormant proceedings herein (ECF No. 37) – and on a Friday evening, at that (this, after an entire year of silence on the part of the United States [ECF No. 37, at n.10]).  The contrast between the United States' nascent alacrity and its year-long inertia suggests Individual Defendants communicated to the United States the urgent need for the Notice as a stopgap to Plaintiff's Motion for the Order Adverted to in the Minute Order of September 24, 2015 (ECF No. 37), filed two hours earlier.

participate" herein.  In the meantime, the United States expects this action to be in stasis,[2]

a condition which is repugnant to Fed. R. Civ. P. 1 and prejudicial to Plaintiff.[3]  Hand in

hand with Defendants, the United States seeks to turn these proceedings into a farce.[4]

Plaintiff submits the Court should not delay the intant action on the *off chance*

that the United States *might* submit *something* on November 20, 2015 – more than one

year after the United States learned of this action.[5]  This conclusion is buttressed by the

fact that the United States' explanation for its cunctatory request is unpersuasive.

It claims that the United States requires nearly two months for "multiple entities within

the Executive Branch" to "consult[ ]" before *even deciding* whether or not to respond to

the Court's two alternative queries in the SoI Request.[6]

In reality, the United States Department of State ("DoS") has demonstrated that it

does not "consult[ ]" "multiple entities within the Executive Branch" before commenting

on a defendant's immunity status.  *See* ECF No. 29, nn.21-23.  The DoS has judicially

admitted that all relevant records are in the *exclusive* "custody" of its Chief of Protocol's

office.  *Ibid.*  This being the case, the DoS has, on multiple occasions, made substantive

---

[2] The United States asks for "patience" from the Court.  ECF No. 38, at 2.

[3] *See* ECF No. 37-1.

[4] Perhaps these self-professed allied parties believe that Plaintiff's *pro se* status grants them license to flout the rules governing the instant action, *e.g.*, Fed. R. Civ. P. 1.

[5] *See* ECF No. 37-1, at n.10.  It should be borne in mind that the United States does not actually commit to filing, on November 20, 2015, a response to the Request for Statement of Interest (ECF No. 33) ("SoI Request").  ECF No. 38, at 1-2.

[6] *See* ECF No. 38, at 1-2.  The Court's two alternative queries are:  (**(1)** whether Individual Defendants "satisfy the requirements" of 22 U.S.C. § 288e(a) ("Accreditation Statute") "in order to obtain international official immunity under the IOIA;" or (**2**) "more generally, the interpretation of [the Accreditation Statute], specifically the language 'duly notified to and accepted by the Secretary of State as a representative, officer, or employee.'"  ECF No. 33, at 3.

appearances on no more than a few days' notice.  *See* ECF No. 37-1, at 9.  These DoS

certificates make no mention of "[other] entities within the Executive Branch" involved

in the said immunity certification process.  *See* ECF No. 37-1, at nn.21-23.  Therefore,

DoS's own judicial admissions, custom, practice and past conduct contradict the United

States' assertion in the Notice that it requires two months to conduct "consultation"

among "multiple entities within the Executive Branch."  As it is predicated on

contradictory statements/arguments, the Notice should be disregarded and the request

therein denied.[7]  The United States fails to show "good cause" for further delay.

The foregoing makes pellucid that the United States is temporizing – and on

demonstrably implausible grounds, at that (as shown *ante*).  Its transparent attempt to

"buy time" confirms that the DoS is unable to certify, in good faith, that Individual

Defendants are "duly notified and accepted by the Secretary of State."  Accordingly, the

---

[7] *See Eldred  v. Reno*, 239 F.3d 372, 377-378 (D.C. Cir. 2001), *reh'g denied*, 255 F.3d
849, *aff'd*, *Eldred v. Ashcroft*, 123 S.Ct. 769 (2003) ("[O]ne cannot *concede* that the
preamble 'is not a substantive limit' and *yet maintain* that it limits the permissible
duration of a copyright." [emphasis added]); *I.L. v. State of Alabama*, 739 F.3d 1273, n.6
(and related extract in main text) (11th Cir. 2014) (admonition against "tolerat[ing]"
attempts to "backtrack" from prior concessions/stipulations out of "strategic[ ]
expedien[cy]"); *Natural Resources Defense Council v. EPA*, 526 F.3d 591, 605-607
(9th Cir. 2008) (EPA rule overturned because:  (1) it contradicted EPA's prior statutory
interpretation; and (2) EPA provided no reasonable explanation for its shift in position on
the interpretation of the subject statute); *U.S. v. Hartstein*, 557 F.3d 589, 590 (8th Cir.
2009); *TDM America, LLC. v. U.S.*, 100 F. Cl. 445, 492 (Fed. Cir. 2011) ("The Court also
cannot embrace TDM's position because of the *contradictory arguments* of TDM's
counsel before this Court and the PTO examiners" [emphasis added]); *Miller v. Office of
Personnel Management*, 407 Fed.Appx. 446, 448-449 (Fed. Cir. 2011); *Southwall
Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 570, 1576 (Fed. Cir. 1995); *see also
Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 421 (1971) (quoting
*Burlington Truck Lines v. United States*, 371 U.S. 156, 168-169 (1962)) ("These
affidavits were merely 'post hoc' rationalizations . . . which have traditionally been found
to be an inadequate basis for review."); *American Horse Protection Ass'n, Inc. v. Lyng*,
812 F.2d 1, 6 (D.C. Cir. 1987); *Carlton v. Babbitt*, 900 F. Supp. 2d 526, 531 (D.D.C.
1995); *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002).

very act of filing the Notice (after a delay of nearly one month following the Court's request for a DoS certificate) answers the first question posed in the SoI Request: Individual Defendants do not in fact satisfy the requirements of the Accreditation Statute.

As regards the Court's alternative request, *i.e.*, that the United States submit its interpretation of the Accreditation Statute, any response thereto would be immaterial. Both controlling authority[8] and Individual Defendants' concession that they are subject to the Accreditation Statute ("Accreditation Concession")[9] – which is dispositive[10] – have answered in the affirmative the question of whether Defendants must prove they have been "duly notified to and accepted by the Secretary of State" "in order to obtain international official immunity under the IOIA."  ECF No. 33, at 3.  DoS's equivocation (evidenced by the stark contrast between the testudinal, tentative Notice and DoS's alacrity/certitude in other cases [*see ante*]) shows that Defendants are unable to carry this burden.  No notional statement of interest by the United States ("SoI") would eliminate or diminish said burden.  After all, the SoI would be no more than an *amicus curiae* brief, not an intervention (much less a preemptive one).  *See Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1252-1253 (D.C. Cir. 2002).  The SoI would not be talismanic.  *Ibid.*

Accordingly, even assuming *arguendo* that:  **(1)** the SoI is filed; and **(2)** this argues that the Accreditation Statute *does not* apply to Individual Defendants, such a

---

[8] *See Tuck v. Pan American Health Organization*, 668 F.2d 547, n.7 (DC. Cir. 1981).

[9] *See* ECF No. 29 at 6-7 & nn.10-12.

[10] See ECF No. 29, at 7.

novel argument would not trump controlling authorities in the form of *Tuck* or the precedents which affirm the dispositive nature of the Accreditation Concession.[11] *See* nn.8-10, *ante*.  For nearly half-a-century, both Congress and the Supreme Court have rejected the notion that, in immunity disputes, the courts and the doctrine of *stare decisis* should defer to the Executive Branch's views.  *Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004) (the 1976-enacted Foreign Sovereign Immunities Act "transfers primary responsibility for immunity determinations from the Executive to the Judicial Branch.")

Plaintiff submits that, against this backdrop, nothing would be gained by delaying this action for nearly two months on the *off chance* that the United States *might* submit an interpretation of the Accreditation Statute, which, if at odds with *Tuck* and the Accreditation Concession, should be rejected anyway.  On the other hand, such an ultimately-otiose delay, granted on purely speculative grounds, would profoundly prejudice Plaintiff.  *See* ECF No. 37-1.

Based on the foregoing, Plaintiff:  **(1)** objects to the Notice; and **(2)** submits that briefing/disposition of the five pending motions (ECF Nos. 19, 28, 30-31 & 37) should proceed, in accordance with LCvR 7, the Notice notwithstanding.  *See* ECF No. 37.

Respectfully submitted,

By: /s/ Zoran Zuza
Zoran Zuza
Zeljeznicka bb
71420 Pale
Bosnia & Herzegovina
Dated:  October 7, 2015                                    *Pro Se* Plaintiff

---

[11] If Individual Defendants may not "backtrack" from said concession (*see* n.7, *ante*), neither may their ally, the United States.  There is yet another reason why the Court should not credit the Notice:  the umbilical cord which Individual Defendants claim runs between themselves and the United States (ECF No. 26, at 2-3, 6) will ensure that the latter's views, if any, on the Accreditation Statute would not be impartial or accurate.

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 7, 2015, the foregoing Plaintiff's Objection to the Notice by United States was filed with the Clerk of the Court via the CM/ECF system, causing said document to be served on all counsel of record for Defendants and the United States.


/s/ Zoran Zuza
Zoran Zuza