IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ZORAN ZUZA,                                )<br>                                                       )<br>                                                       )<br>                    **Plaintiff,**                )<br>                                                       )<br>          v.                                           )<br>                                                       )<br>OFFICE OF THE HIGH                )<br>REPRESENTATIVE, *et al.*          )<br>                                                       )<br>                    **Defendants.**          )<br>                                                       ) | Civil No. 1:14-cv-01099 |

### SPECIALLY APPEARING DEFENDANTS REPLY TO PLAINTIFF'S RESPONSE REGARDING STATEMENT OF INTEREST OF UNITED STATES OF AMERICA

Plaintiff's Response to the United States' Statement of Interest argues that: (1) the Statement of Interest is entitled to no deference; (2) the documents attached to the Statement of Interest are supposedly inadmissible; and (3) the State Department's decision to confer immunity is a "post hoc rationalization." None of these arguments have merit.

In this case, the only remaining issue is whether Specially Appearing Defendants Valentin Inzko and Lord Jeremy Ashdown (the "High Representatives") have been accepted by the States Department in order to confer immunity on them under the International Organizations Immunities Act ("IOIA"). Under the statute, the State Department is entitled to make determinations of who receives immunity. 22 U.S.C. § 288e(a) (providing for immunity to officials that "have been duly notified to and accepted by the Secretary of State as a representative, officer, or employee" of an international organization entitled to immunity). Courts routinely give deference to Statements of Interest on determinations of immunity. *Matar v. Dichter*, 563 F.3d 9, 13-15 (2d Cir. 2009) (explaining that State Department's Statement of Interest provided former foreign official with immunity); *see also Samantar v. Yousuf*, 560 U.S.

305, 321-25 (2010) ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."). At the Court's request, the State Department filed letters with the Court confirming it had accepted Mr. Inzko and Lord Ashdown for immunity. Because the issue is now definitively resolved, the case should be dismissed.

Plaintiff contends that the documents (particularly, the State Department's letter of acceptance, Dkt. 41-1) submitted with the Statement of Interest do not constitute admissible evidence because those documents are not "authenticated." Plaintiff, however, misinterprets the authentication requirement, which only requires "evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a). However, the letters were filed by the United States directly with the Court. There cannot be any serious doubt that the letters are authentic.

Plaintiff next argues that the State Department's grant of immunity is a "post hoc" grant of immunity that is supposedly not in accordance with the State Department's practice or custom. But as this Court previously explained, grants of immunity under the IOIA are jurisdictional. Dkt. 18 at 4-5. The State Department has now demonstrated that the High Representatives have been accepted under the IOIA and stated in a Court filings that the High Representatives are immune from plaintiff's suit. Dkt. 41 at 1, 4; Dkt. 41-1. This Court thus lacks jurisdiction over Plaintiff's Complaint. *See* Dkt. 26 at 9-12 (explaining that "immunity acquired during the pendency of proceedings" should lead to dismissal).[1]

---

[1] Plaintiff also raises various arguments concerning the High Representatives' supplemental memorandum in opposition to Plaintiff's Motion for Reconsideration, largely arguing the United States has somehow rejected the High Representative's position. Plaintiff's arguments ignore the unequivocal position espoused in the Statement of Interest, stating that "the [High Representatives] have satisfied section 8(a)'s requirements and are therefore immune from this suit." Dkt. 41 at 1; *see also id.* Dkt. 41 at

For these reasons, the Court should deny Plaintiff's motion for reconsideration.

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ Mark A. Cymrot
Mark A. Cymrot (D.C. Bar No. 164673)
Paul M. Levine (D.C. Bar No. 999320)
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
mcymrot@bakerlaw.com
pmlevine@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

Dated:  December 14, 2015

---

("Accordingly, section 7(b) of the IOIA and Executive Order No. 13,568 render the [High Representatives] immune from plaintiff's suit.").

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2015, the foregoing Defendants' Reply to Plaintiff's Response To Statement of Interest of United States Of America was filed with the Clerk of Court via the CM/ECF system, causing it to be served on all counsel of record and Plaintiff Zoran Zuza, whose Motion for a password to the CM/ECF password was granted on October 28, 2014.

                                                              /s/ Mark A. Cymrot
                                                              Mark A. Cymrot